CUDAHY PACKING CO. *v.* McPHAIL.

(Division B.   May 28, 1934.)

[155 So. 163.   No. 31283.]

**A. M. Pepper** and **Johnston & White**, all of Lexington, for appellant.

509

**C. E. Thompson** and **Livingston & Milloy**, all of Prentiss, for appellee.

Argued orally by **H. H. Johnson** and **A. M. Pepper,** for appellant, and by **W. H. Livingston** and **G. Milloy,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Mrs. McPhail was plaintiff in the court below, and brought suit for damages against the appellant, alleging that appellant manufactured certain sausage, packed in oil, which was sold by a local merchant, and purchased from such local merchant by the plaintiff's husband; that said merchant bought two twenty-pound cans of this sausage, which were shipped out of Memphis on the 16th day of September, 1933, and delivered to the local merchant a few days thereafter; that one of these cans was opened and the sausage therein contained was sold and no complaint was received. The second can was opened on Friday, September 22, 1933, and the sausage sold to various parties, including the husband of the appellant, who made his purchase on Saturday afternoon. Some of this sausage was cooked by the plaintiff on Sunday for the noon meal and was eaten by the members of plain-

tiff's family with no ill effects. For supper, plaintiff (appellee here) and members of her family ate some of the sausage uncooked, and shortly after eating same, she and some other members of her family became ill, sent for a physician who treated them, and who testified that, in his opinion, their sickness was caused by food poisoning.

The proof shows that the tins containing this sausage were hermetically sealed and cooked under steam pressure at about two hundred forty degrees Fahrenheit; that this can, after being opened, stood in the store with the lid on it when not in use; and that the sausage was taken therefrom with an ice pick, which lay upon a shelf in the store when not in use. It is further shown by the proof that on complaint that the sausage had made the appellee and her family ill, the merchant sealed the balance of it up and returned it to the agent of the appellant. A sample was sent to the state chemist's office to a bacteriologist, who examined it. It was shown that the bacteria found in the sausage was such as could not survive a temperature in excess of one hundred seventy degrees Fahrenheit; that the sausage when put in the tins was subjected to a temperature of from two hundred twenty to two hundred forty degrees Fahrenheit; and that the sausage was made from pure and wholesome meat slaughtered and packed under the supervision of the United States Department of Agriculture. It was further shown by the evidence that germs of the kind found in the sausage could be there by exposure of from twenty-four to forty-eight hours; that there was a germ whose spore could withstand a temperature up to two hundred forty degrees Fahrenheit; but that there was no such germ or spore in the sausage examined by the bacteriologist; that if there had been any such spore or germ in the sausage, it would have been evidenced by a strong odor, and the sausage examined did not have such odor.

There is no dispute as to the method in which this sausage was prepared and packed for sale, which made it

impossible for it to become contaminated prior to the opening of the tin. The only testimony introduced to contradict this is that of the physician who attended the appellee and her family, that it was possible for a sausage germ or spore to withstand the temperature to which the sausage had been heated after being packed in the tins.

There was a verdict for the plaintiff in the court below for one thousand dollars, from which this appeal is prosecuted.

We think the proof offered on behalf of the plaintiff is insufficient to raise the probability that the sausage was contaminated with germs at the time the tins were opened by the local merchant. The expert testimony shows that the germs which were found in the sausage could not withstand the temperature to which the tins were subjected, and that they could get into the sausage and develop within the time between the opening of the tin container by the local merchant and the eating of the sausage by the appellee and her family. At most, the proof only amounts to a possibility, and not a probability.

We are, therefore, of the opinion that the evidence is insufficient to sustain the verdict, and the judgment will be reversed and judgment entered here for the appellant.

Reversed, and judgment here for the appellant.